CASE No. 824.

GARVIN v. GARVIN.

Under Chapter CV., Section 2, of the General Statutes, the presiding judge of the Circuit in which a judgment has been rendered, has jurisdiction to hear and determine a motion made before him within two years thereafter to set aside such judgment as erroneous, and to grant a new trial.

Before HUDSON, J., Aiken, June, 1879.

This was a motion noticed by Robert Garvin, May 26th, 1879, to set aside as erroneous a judgment rendered by Judge Reed, at Aiken, in September, 1877, in favor of defendant in an action between Robert Garvin and John Garvin. The motion was based upon affidavits. The motion was heard June 6th, 1879, during term, and refused, upon the ground stated in the opinion of this court. The plaintiff appealed.

*Mr. P. A. Emanuel,* for appellant, contended that the court did have jurisdiction, and cited *Gen. Stat., ch. CV.,* § 2; 1 *S. C.* 139; 5 *S. C.* 350; 1 *Mill's Const. R.* 133; 1 *Hill* 210; 3 *McC.* 19; 6 *Rich.* 492; 2 *Bay* 333; 2 *Rich.* 327; 1 *Hill* 262; 1 *McM.* 292.

*Mr. G. W. Croft* and *D. S. Henderson,* contra, cited 10 *S. C.* 277, and contended that relief could be granted only by appeal or under Section 197 of the code of procedure.

March 8th, 1880. The opinion of the court was delivered by

McIVER, A. J. This was a motion to vacate or set aside a judgment previously rendered by Judge Reed in this case, and to grant a new trial, upon the ground that such judgment was "erroneous and ought to be set aside." It appears from the "case," as submitted here, that the Circuit judge stated "that before hearing argument upon the motion, he would hear counsel upon the question of the jurisdiction of the court to hear the motion." Such argument having been heard, he held that "it appearing that over one year had elapsed, the period fixed by the code for motions of this character, the court had no jurisdiction; that if the judgment of Judge Reed was erroneous the plaintiff should have appealed to the Supreme Court; that this court has no jurisdiction to correct an error (if any has been made) in the manner and form presented by the plaintiff; that to entertain the plaintiff's motion would, in effect, be assuming an appellate jurisdiction over the judgment of a court of co-ordinate jurisdiction; that the only ground for relief that he recognized was in the case of newly-discovered testimony, and, therefore, was compelled to refuse the hearing of argument upon the motion, and ordered that the motion be dismissed, with costs."

In Section 2 of Chapter CV., (*Gen. Stat.* 497,) it is provided as follows : " In case a judgment or decree has been or hereafter shall be rendered by a Court of Common Pleas, it shall be lawful for either party, plaintiff or defendant, to move before the presiding judge of the Circuit in which said judgment was obtained, to vacate or set aside said judgment, upon satisfactory proof being made to said judge that said judgment is erroneous and ought to be set aside ; and upon said proof being made, the presiding judge is hereby authorized to vacate and set aside such judgment and to order a trial *de novo.*" This, we think, invested the judge below with jurisdiction to hear and determine the motion, and his refusal to do so was, in our judgment, error. It seems to be supposed that the provisions of the section above quoted were superseded by Section 197 of the code of procedure, in which provision is made for relieving a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, provided such relief be applied for within one year after notice of such judgment, &c., and by those provisions of the code relating to appeals. We are not at liberty so to regard them. The general assembly, after these various provisions were originally enacted, has seen fit to re-enact them all in the general statutes, and unless there is an irreconcilable inconsistency we are not at liberty to regard one of these provisions as a repeal of, or a substitute for, the other. We do not think there is such inconsistency. The provisions of Section 197 of the code are intended to provide relief only in cases where a judgment has been taken against a party through *his own* mistake, inadvertence, surprise or excusable neglect, and must be confined to such cases ; those provisions of the code in relation to appeals must be regarded as applying only to those cases in which a party seeks from a superior tribunal relief from, or correction of, error committed by an inferior tribunal, while the provisions of Section 2 of Chapter CV., General Statutes, apply only to those cases where relief is sought *in the same tribunal* from a judgment rendered by such tribunal, which, " *upon satisfactory proof,*" can be shown to be erroneous. It might be difficult, perhaps impossible, to lay down clearly the grounds upon which such relief should be granted, but that is not the

question before us. It is sufficient to say that the section does not confine the relief to cases in which the ground is after-discovered evidence, but authorizes such relief whenever "*satisfactory proof*" is made that the judgment is erroneous. We are not called upon to consider, and we do not wish it understood that we have undertaken to consider the merits of the application in the case now before the court. The only question before us is, whether the Circuit judge had jurisdiction of the motion, and all that we determine is that he did have such jurisdiction. He was bound to hear the motion and determine whether there was "*satisfactory proof*" that the judgment, against which relief was sought, was erroneous and ought to be set aside.

The order appealed from is set aside and the case remanded for such further proceedings as may be necessary and proper.

WILLARD, C. J., and McGOWAN, A. J., concurred.